

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George E. Hughes
Law Enforcement Officer and
Chief of Inspectors, Railroad
Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. 0-5391

Re: Whether the action of
the Railroad Commission
in causing the arrest
of drivers of All American
Bus Lines, Inc., contemns
injunction of the U. S.
District Court in All
American Bus Lines, Inc.
vs Ernest O. Thompson
et al., No. 574 in equity.

You have inquired whether or not your department has contemned the injunction decree of the District Court of the U. S. for the Western District of Texas, Austin, Division, in the case of All American Bus Lines, Inc., vs Ernest O. Thompson et al., No. 574 in equity, by arresting drivers of the All American Bus Lines for operating buses without having identification plates of the Railroad Commission.

On June 11, 1936, the United States District Court issued an amended decree, the pertinent parts of which are hereinafter set forth, restraining the Commission from interfering with All American Bus Lines under certain conditions. We quote the following excerpts from your letter of inquiry:

"On October 13, 1939, the Railroad Commission requested an opinion on this matter and on December 5, 1939, you rendered Opinion No. 0-1179."

975

Pursuant ". . . . thereto, on February 24, 1940, the Railroad Commission entered its order granting the authority requested by All American Bus Lines, Inc., in its original application, same being ' From El Paso to the Texas-Oklahoma State line, near Gainesville via Sierra Blanca, Pecos, Odessa, Big Spring, Sweetwater, Abilene, Albany, Breckenridge Mineral Wells, Fort Worth, Dallas, Denton and Gainesville over U. S. Highway 80, State Highway 1 and 1-A, on a schedule of one bus each way daily' . Under this authority, All American Bus Lines applied for and were issued six Railroad Commission identification plates for the year 1943. In addition to the buses for which Railroad Commission identification plates have been issued, All American Bus Lines are operating some buses without displaying Railroad Commission identification plates, as required by statute, and, under date of April 19, 1943, I advised All American Bus Lines, Inc., that Railroad Commission inspectors had intercepted some of their buses which did not display such Railroad Commission identification plates, and that any further disregard of the rules and regulations of the Commission, and the statutes, would not be overlooked. Subsequent to this notification, other buses were contacted by inspectors and after thorough investigation were found not to be displaying Railroad Commission identification plates, and complaints were filed in the County Court at Law, Tarrant County, Fort Worth, Texas.

"Will you please advise this department if, in view of the above, we are in contempt of the United States District Court in filing such cases."

The pertinent parts of the amended injunction decree read:

"Now upon consideration thereof it is this day the 11th day of March 1936, ordered, adjudged and decreed as follows namely:

"That the Defendants' Motion to Dismiss the Amended Bill of Complaint be and the same is hereby denied to which ruling of the Court defendants then and there excepted.

Honorable George E. Hughes       page 3

"That the defendants, the Railroad Commission of Texas and Ernest O. Thompson, Lon A. Smith and C. V. Terrell, Railroad Commissioners and Mark Marshall, Director of the Motor Vehicle Division of said Railroad Commission, L. G. Phares, Director of the Department of Public Safety of the State of Texas and their respective agents and employees, be and they are hereby enjoined from molesting or arresting or causing the arrest of the drivers or operators of plaintiff's motor buses or motor vehicles, or from interfering in any manner with the operation of plaintiff's passenger buses or motor vehicles in traversing the State of Texas in interstate commerce, by the operation as a common carrier of passengers interstate, of <u>one bus or motor vehicle each way daily</u> over the following route: beginning at the Oklahoma-Texas line at the Red River on U.S. Highway No. 77 ( Texas State Highway No. 40) north of the city of Gainesville, in Cook County, Texas, and thence via the said U. S. Highway 77 to the city of Dallas in Dallas County, Texas, thence over U. S. Highway No. 80 and No. 80-A (Texas State Highway No. 1 and No. 1-A) via Fort Worth, Breckenridge, Albany, Abilene and El Paso, to the Texas-New Mexico line, west or northwesterly of El Paso; provided that this injunction is intended to prevent, and shall prevent such action if taken by defendants ( or either or them, their agents or employees ) on account of the operation of such buses or motor vehicles without a permit or certificate from the Railroad Commission of Texas, or without having displayed and firmly fixed upon the front thereof an identification plate as described in Section 40 of H. B. No. 155. (Ch.78) of the 41st Legislature of Texas, First Called Session.  Court costs will be taxed against defendant Railroad Commission of Texas, to all of which rulings and judgments of the Court, defendants then and there excepted.  It is further ordered that the said decree except as herein ordered amended be and the same hereby is in full force and effect.

"Dated this the 11th day of June A. D. 1936.

(signed )   Robert J. McMillan
United States District Judge

(emphasis ours)

Honorable George E. Hughes    page 4

In our opinion All American Bus Lines, Inc., is protected by this decree in "the operation as a common carrier of passengers interstate of one bus or motor vehicle each way daily "over the above designated route; but we believe that this is the extent of the protection that the court granted to them and that they would not be protected as to such buses as they might operate in intrastate commerce nor as to such buses as they might operate in interstate commerce in excess of "one bus or motor vehicle each way daily."

The correctness of this interpretation is bonnes out by page 57, of the transcript of the testimony presented to the Court on March 10, 1936, and on March 11, 1936. The witness Jay Johnson was testifying for the All American Bus Lines on direct examination. The Mr. Graves referred to is Ireland Graves, counsel for All American Bus Lines, and the Mr. Christopher is T. S. Christopher, counsel for Protestants. This page reads as follows:

"Q. Are you able to state whether or not any substantial injury is inflicted upon a highway of that kind, this particular highway between Fort Worth and Mineral Wells by the operation over it of two motor passenger buses, of 21 passenger capacity with pneumatic tires, weighing 7600 pounds dead weight?

"Mr. Christopher: We want to object to that question as so limited to two buses, for the reason that the Applicant, the All American Bus Lines, here is applying for interstate certificate and asks the Commission to give him interstate permit which, if granted under federal law, would authorize them to operate any number of vehicles that they cared to operate; it might be two or twenty or a hundred, depending on the business and the question ought not to be so limited, and we object to it on that ground.

"THE COURT: I understand the only matter at issue before the Court is to operate one bus each way.

"Mr. Graves: That is all we have asked to operate.

"THE COURT: I overrule the objection.

"Mr. Christopher: Note an exception.

" (Witness)   I do not believe you would be able to tell any difference in the road by the two buses operating over it or without them.  There is more gasoline tax collected than is spent on the maintenance funds; the surplus is spent for construction, new construction." (emphasis supplied)

Our Opinion No. O-4853 delimits the extent of your authority over interstate motor carriers.

In view of the fact that since the issuance of this decree you have granted All American interstate authority, and as late as January, 1943, provided them at their request six identification plates, and in view of the fact that the Motor Transportation Division of the Railroad Commission is doing everything within its power to facilitate motor carriers, both in interstate and intrastate commerce, during the present war, we are at a loss to understand All American's refusal to equip its extra buses with identification plates.

As to whether your action constitutes contempt this, of course, is something which only the Court can decide. However, it is our opinion that you are acting within the terms of the injunction and not in contempt thereof if you confine your arrests to those drivers who may be operating in intrastate commerce or the operators of vehicles which are in excess of one daily each way.

APPROVED JUN 25, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly,

ATTORNEY GENERAL OF TEXAS

by David W. Heath
David W. Heath
Assistant

DWH:ncd

